**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORTH STAR CAPITAL
ACQUISITIONS, LLC,

        Plaintiff,

vs.                              CASE NO:   3:07-cv-264-J-32MCR

LYNN S. KRIG,

        Defendant,

_____

CAPITAL ONE BANK

        Plaintiff,

vs.                              CASE NO:   3:07-cv-265-J-32TEM

JEAN C. MILLER,

        Defendant,

_____

CAPITAL ONE BANK,

        Plaintiff,

vs.                              CASE NO:   3:07-cv-266-J-32MCR

MARY B. LIVINGSTON,

        Defendant.

_____

<u>**ORDER**</u>

The surprisingly difficult issue is whether these case are properly removed by counterclaim defendants, who were not the original plaintiffs in the actions.  After extensive briefing, the Court heard oral argument on the Motions to Remand on October 16, 2007.

I. BACKGROUND FACTS

On September 25, 2006, Plaintiff North Star Capital Acquisitions, LLC, ("North Star") filed an amended complaint against Defendant Lynn S. Krig in County Court, Fourth Judicial Circuit, in and for Duval County, Florida, alleging breach of contract, account stated, and money lent.  (See Doc. 2 in North Star, 3:07-cv-264.)  On August 21, 2006 and November 7, 2006, Capital One Bank ("Capital One") filed two separate amended complaints against Jean C. Miller and Mary B. Livingston in Florida state court raising substantially similar issues as those alleged in North Star.  (See Doc. 2 in Capital One, 3:07-cv-265; Doc. 2 in Capital One, 3:07-cv-266.)  In response to the North Star and Capital One (collectively "the plaintiffs") complaints, the three defendants, Krig, Miller and Livingston, filed separate Answers and Amended Class Action Counterclaims against the plaintiffs, the plaintiffs' former  attorney, Robert J. Orovitz, and the attorney's law firm, Robert J. Orovitz, P.A.  (See Doc. 3 in North Star, 3:07-cv-264; Doc. 5 in Capital One, 3:07-cv-265; Doc. 3 in Capital One, 3:07-cv-266.)  The defendants' counterclaims against the original plaintiffs and the newly added counterclaim defendants, Orovitz and Orovitz, P.A., are based in part on violations of the federal Fair Debt Collection Practices Act ("FDCPA").  See 15 U.S.C. § 1692.

2

Counterclaim defendants Orovitz and Orovitz, P.A.[1] timely removed the cases pursuant to 28 U.S.C. §§ 1331, 1441, 1446 on the basis of federal question jurisdiction, citing the FDCPA claim. Each of the original plaintiffs have also consented to removal and oppose remand. However, each of the defendants timely filed a Motion to Remand alleging that removal is improper under § 1331 because the FDCPA counterclaim does not provide a basis for removal. The defendants' Motions to Remand in all three cases will be addressed concurrently because they all involve the same issue.

## II. DISCUSSION

Most federal courts have determined that third party defendants do not have the right to remove a case under § 1441(c). See, e.g., Lewis v. Windsor Door Co., 926 F.2d 729 (8th Cir. 1991); Andrews v. Elec. Motor Sys., Inc., 767 F. Supp. 853 (S.D. Ohio 1991). The primary commentators on this issue have also opined that third party defendants do not have removal rights. 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §§ 3724, 3731 (3d ed. 1998). This Court, however, is bound by the former Fifth Circuit's decision in Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury, which permits removal by third party defendants

---

[1] Orovitz and Orovitz, P.A. argue that they were improperly designated as counterclaim defendants under Federal Rule of Civil Procedure 13(b). However, Rule 13(h) provides that "persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20." Fed. R. Civ. P.13(h). Rule 20 in turn permits joinder of parties as defendants when "there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a); see also Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., 46 F. Supp. 2d 1276, 1281 (M.D. Fla. 1999).

where a separate and independent controversy invoking federal jurisdiction exists.  622

F.2d 133, 136 (5th Cir. 1980).[2]  The Fifth Circuit later extended its holding in Carl Heck to

allow counterclaim defendants, who were not the original plaintiffs, to remove.  Texas v.

Walker, 142 F.3d 813, 816 (5th Cir. 1998).  In Walker, the State of Texas sued the

defendant for breach of contract and conversion in state court.  Id. at 815.  The defendant

filed a counterclaim against the original plaintiffs and joined an additional counterclaim

defendant, alleging, inter alia, equal protection and substantive due process federal

question claims.  Id. at 815-16.  The newly added counterclaim defendant removed the

case to federal court based on federal question.  Id.  Applying Carl Heck, the court held

removal was proper explaining that the removing counterclaim defendant was not one of

the original state court plaintiffs and therefore removal did not violate the "well-pleaded

complaint rule."  Id. at 816.[3] The Fifth Circuit further noted in Walker that

> [it] has not previously extended the Carl Heck rationale to ordinary counter-
> defendants.  Doing so would fly in the face of the well-pleaded complaint rule
> where the counter-defendants were the same parties as the state court
> plaintiffs.
> Here, however, the consequences of permitting removal satisfied Carl Heck
> without breaching the well-pleaded complaint rule.  We shall assume that the
> [the original plaintiffs] cannot remove under § 1441(c) when joined in their
> individual capacities as counter-defendants, because (in their official capacities)

─────────────────────

[2]All decisions of the United States Fifth Circuit Court of Appeals before October 1, 1980
which have not been overruled by the United States Eleventh Circuit Court of Appeals are
binding on federal circuit courts situated in the Eleventh Circuit.  Bonner v. City of Prichard,
661 F.2d 1206, 1207 (11th Cir. 1981).

[3]Unlike Carl Heck, Walker is not binding in the Eleventh Circuit.  However, the Walker
holding to allow removal by counterclaim defendants is simply a natural extension of the Carl
Heck rule by which this Court is bound. The Court also notes that there is no Eleventh Circuit
decision on the issue raised by these Motions.

4

they were the plaintiffs by and through whom the state sued [the original defendant]. [The newly added counterclaim defendant], on the other hand, was not a party in the case in any way before [the original defendant] sued him for § 1983 violations.  If the rationale of <u>Carl Heck</u> correctly affords third-party defendants the opportunity of § 1441(c) removal to federal court, to which they could have removed when sued alone, then that rationale protects [the newly added counterclaim defendant].

<u>Id.</u>

The "well-pleaded complaint" rule bases removal jurisdiction on the existence of a claim alleging a basis for federal jurisdiction on the face of a plaintiff's complaint. <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830 (2002).  In <u>Holmes Group</u>, the Supreme Court examined whether there is federal jurisdiction "over a case in which the complaint does not allege a claim arising under federal patent law, but the answer contains a patent-law counterclaim." <u>Id.</u> at 826.  The Court held that the "well-pleaded complaint" rule does not allow a patent infringement counterclaim to form the basis for federal question jurisdiction under 28 U.S.C. §§ 1338 or 1331.  <u>Id.</u> at 830-34.  Thus, as recognized by <u>Walker</u> and strongly intimated by <u>Holmes Group</u>, a counterclaim defendant, who was already in the lawsuit as the original plaintiff, cannot remove pursuant to § 1441(c).  <u>See id.</u> at 831-32.  However, the <u>Holmes Group</u> rationale does not appear to apply to a counterclaim defendant who was not a party to the original action.

Courts have previously acknowledged that there is "a distinct difference between defendants that were originally plaintiffs to a suit and defendants who had nothing to do with the suit but were joined by a counterclaim." <u>H & R Block, Ltd. v. Housden</u>, 24 F. Supp. 2d 703, 706 (E.D. Tex. 1998) (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941) to explain that § 1441(c) "allows removal by counterclaim defendants as long

5

as they are not original plaintiffs to the action and the counterclaim is separate and independent from the original claim").  The reasoning seems to be that a counterclaim defendant who is not a plaintiff does not voluntarily choose to bring suit in state court and thus should be viewed differently than the counterclaim defendant, who as a plaintiff, originally brought suit in state court in the first place. See Holmes Group, 535 U.S. at 831-32.

The Court in Holmes Group was concerned about allowing defendants to avoid a plaintiff's choice of state forum and the well-pleaded complaint rule by asserting federal counterclaims and then removing. Id.  This concern is not applicable here.  The federal counterclaim in this case was asserted by the original defendants against counterclaim defendants Orovitz and Orovitz, P.A., both of whom were not original parties to the lawsuit.  Moreover, there is no danger that the defendants/counterclaim plaintiffs might frustrate the original plaintiffs' choice of state forum because the original plaintiffs, who are now also counterclaim defendants, are supporting removal by the newly added counterclaim defendants, Orovitz and Orovitz, P.A.  Only the defendants/counterclaim plaintiffs, who injected the federal question into the case by filing the counterclaim, are questioning the right of counterclaim defendants, Orovitz and Orovitz, P.A., to remove.

The Court in Holmes Group was also concerned about radically expanding the number of removable cases. Id. at 831-32.  However, allowing removal here would only apply to a narrow set of circumstances where the removing counterclaim defendant was not an original party to the lawsuit.  Finally, the Holmes Group Court noted that "allowing responsive pleadings by the defendant to establish arising under jurisdiction would

6

undermine clarity and ease of administration of the well-pleaded complaint rule." Id. at 832.  Although this a valid concern, this Court cannot ignore Carl Heck and remand to state court solely to preserve the "quick rule of thumb" courts refer to in resolving jurisdictional conflicts.  Holmes Group does not appear to eviscerate Carl Heck and Walker; the holding in Holmes Group is limited to the facts of that case and the policy concerns addressed by the Supreme Court do not apply when the removing party is a counterclaim defendant who was not an original party.  See Dallas Indep. Sch. Dist. v. Calvary Hill Cemetery, 318 F. Supp. 2d 429 (N.D. Tex. 2004) (continuing to apply the Carl Heck rationale after the Supreme Court rendered its Holmes Group decision).[4]

Under § 1441(c), to remove this case to federal court, Orovitz and Orovitz, P.A. have to also show that the federal counterclaim filed against them by the original defendants is separate and independent from the nonremovable state law causes of action.  A federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case.  See American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent

---

[4] Since Carl Heck was decided, Congress amended § 1441(c) in 1990 to expressly exclude claims based solely on diversity jurisdiction, which was the basis for the removal in Carl Heck.  622 F.2d at 135.  However, the court's holding in Carl Heck allowing third party removal is still applicable when, as here, removal is based on federal question jurisdiction. See BJB Co. v. Comp Air Leroi, 148 F. Supp. 2d 751, 753 (N.D. Tex. 2001) (noting that Carl Heck "remains good law with regard to third party removal of actions based upon federal question jurisdiction.").

claim . . . under § 1441(c)."). When applied to a counterclaim defendant, this rule requires that the plaintiff's claims against the original defendant be "separate and independent" from the federal counterclaim against the removing counterclaim defendant. See Walker, 142 F.3d at 816-17; accord Carl Heck, 622 F.2d at 136.

The standard for determining if a claim is separate and independent is whether the claim "if sued upon alone could have been brought properly in federal court." Carl Heck, 622 F.2d at 136; see also Hayduk v. United Parcel Serv., Inc., 930 F. Supp. 584, 595 (S.D. Fla. 1996) (holding that third party claims are separate and independent from the plaintiff's original claims when the success of one of the claims is not contingent on the outcome of the other). Moreover, federal claims are deemed separate and independent from the nonremovable claims when they involve distinct wrongs and two different sets of duties. Plotkin v. Schifani, 1998 WL 874827, at *2 (N.D. Tex. Dec. 8, 1998). In Plotkin, the court examined whether the plaintiff's collection action was separate and independent from the defendant's FDCPA counterclaim against the plaintiff's attorney. Id. The plaintiff sought redress for the defendant's failure to pay for medical services rendered. Id. at *1. In contrast, the defendant sought redress from the counterclaim defendant for violations of federal and state debt collection practices statutes. Id. The court held that the claims were separate and independent explaining that the federal FDCPA counterclaim involved an obligation distinct from the plaintiff's nonremovable state claims. Id. at *2.

After a careful review of the pleadings, the Court finds that the federal counterclaim is sufficiently separate and independent from plaintiffs' original claims. The federal FDCPA counterclaim, if sued upon alone, could have been properly brought in federal

court.  See Carl Heck, 622 F.2d at 136.  Moreover, the FDCPA counterclaim and the

plaintiffs' original claims involve two distinct wrongs.  See Walker, 142 F.3d at 817.  Unlike

the plaintiffs' suit against the defendants to collect on a contractual debt, the defendants'

counterclaim seeks redress from the counterclaim defendants for their alleged violations

of the FDCPA.  Whether the defendants failed to pay debts and breached their obligation

under a contract is not dependent upon whether the counterclaim defendants violated the

FDCPA in attempting to collect those alleged debts.  See Plotkin, 1998 WL 874827, at *2.

Consequently, removal is appropriate because the removing counterclaim defendants,

Orovitz and Orovitz, P.A., are not the original plaintiffs and the federal counterclaim is

sufficiently separate and independent from the plaintiffs' original claims. [5]

Accordingly, it is hereby

**ORDERED**:

1.     The defendants'/counterclaim plaintiffs'  Motions to Remand (Doc. 17 in

North Star, 3:07-cv-264; Doc. 8 in Capital One, 3:07-cv-265; and Doc. 11 in Capital One,

3:07-cv-266) are **DENIED.**

2.     North Star's Motion for Summary Disposition (Doc. 10 in North Star, 3:07-cv-

264) is **DENIED** without prejudice to refiling under the Federal Rules.

---

[5] This Court recognizes that uncertainties in whether it has jurisdiction should be resolved
in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).
Unhindered by Carl Heck, this Court might be tempted to align itself with those other courts
which would not permit removal in these circumstances. However, the Court believes itself
to be bound by Carl Heck as further elucidated in Walker. The Court also views the "separate
and independent" issue to be a close call; however, defendants have not contended
otherwise and the existing case law seems to support this decision.

3.      Capital One's Motions to Strike (Doc. 4 in <u>Capital One</u>, 3:07-cv-265; Doc. 4 in <u>Capital One</u>, 3:07-cv-266) are **DENIED**.  <u>See</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072 (11th Cir. 2000).

4.      Pursuant to Judge Richardson's April 23, 2007 Order (Doc. 20 in <u>North Star</u>, 3:07-cv-264) the defendants/counterclaim plaintiffs should file and serve responses to the pending Motions to Dismiss (Docs. 7,8 in <u>North Star</u>, 3:07-cv-264; Doc. 7 in <u>Capital One</u>, 3:07-cv-265; Doc.8 in <u>Capital One</u>, 3:07-cv-266) no later than **December 3, 2007.**

5.      The Court's Order staying the parties' obligation to file a case management report (Doc. 27 in <u>North Star </u>3:07-cv-264; Doc. 21 in <u>Capital One</u>, 3:07-cv-265; Doc. 26 in <u>Capital One</u>, 3:07-cv-266) is extended until the pending Motions to Dismiss are resolved.

6.      Capital One should file and serve a response to the pending Motion to Consolidate (Doc. 5 in <u>Capital One</u>, 3:07-cv-266) no later than **December 3, 2007.**

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

r.
Copies:
counsel of record